IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| PRAETORIAN SPECIALTY INSURANCE COMPANY, § § | |
| Plaintiff, § | |
| VS. § § § | CIVIL ACTION NO. L-09-10 |
| ERIN MICHELLE KOVACIC et al, § § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Plaintiff Praetorian Specialty Insurance brought this declaratory action against Defendants Doug Mercer d/b/a Cheers Cocktail Lounge and Larry Brown Enterprises, L.L.C., d/b/a Cheers Cocktails (collectively "Cheers"), and Dan Kovacic, Elizabeth Fox, and Erin Michelle Kovacic, individually and as next friend of Carley Nicole Kovacic ("the Kovacics"). (Dkt. 30, Praetorian's Am. Compl.) The Kovacics are plaintiffs in an underlying lawsuit pending before Judge Micaela Alvarez, Civil No. L-09-2. (Dkt. Nos. 28-1, 30-1, Underlying Compl. 1-2.)

### I. BACKGROUND

The underlying suit arises from the death of the Kovacics' decedent, Zachary Kovacic. The Kovacics allege that his death resulted from the following events on the night of August 9 and in the early morning of August 10, 2007:

After meeting co-workers at Cheers at about 9:30 p.m, Zachary Kovacic became severely intoxicated. (Underlying Compl.

at ¶¶ 4.2-4.3.) Cheers employees did not adequately monitor his alcohol consumption, and they served him after they knew or should have known that he was severely intoxicated. (Id. at ¶ 4.3.) At some point Cheers employees took Kovacic outside, where they severely beat him without provocation. They also contacted the Laredo Police Department and asked them to come and escort Kovacic off the premises. (Id. at ¶ 4.4.) Cheers employees handcuffed Kovacic and held him without consent until two police officers arrived and took him into custody. (Id. at ¶¶ 4.3, 4.4.) The police left Cheers with Kovacic and released him at the intersection of East Del Mar Boulevard and Loop 20. (Id. at ¶¶ 4.6, 4.7.) Roughly 25 minutes later, Kovacic was struck by an unknown hit-and-run driver. (Id. at ¶ 4.8.) He later died of his injuries. The Kovacics have sued the officers, the City, and Cheers.

The Kovacics sued Cheers for violations of the Texas Dram Shop Act; for assault, battery, and false imprisonment; and for common law negligence in the hiring, training, supervision, and retention of Cheers employees. (Underlying Compl. 9-14.) Judge Alvarez recently granted summary judgment for Cheers on the Kovacics' Dram Shop Act claims. (Dkt. 115 in 5:09-cv-2 at 8.) Judge Alvarez denied summary judgment on the assault, battery, false imprisonment, and negligent hiring claims. (Id. at 10-11.) The Kovacics' negligent hiring claims arise entirely from

the alleged assault, battery, and false imprisonment. (Underlying Compl. 13-14; Dkt. 115 in 5:09-cv-2 at 4-5.)

Praetorian insured Cheers under a liability insurance policy, Policy No. S0001-PK-00079430 ("the Policy") (Dkt. 27-3 at 10-47). (Dkt. 30, Praetorian's Am. Compl. ¶ 31.) Praetorian seeks a declaratory judgment that the Policy does not cover any exemplary or loss-of-consortium damages, and that it does not cover any damages arising from or related to Cheers' employees alleged assault, battery, and false imprisonment of Zachary Kovacic. (Praetorian's Am. Compl.) Praetorian is defending Cheers in the underlying suit subject to a reservation of rights. In its complaint, Praetorian states that it "is not asking the Court to make declaration regarding Praetorian's duty to defend at this time." (Id. at ¶ 33.)

Pending are the Kovacics' and Cheers's motions to dismiss or stay this declaratory action pending the outcome of the underlying litigation. (Dkt. 24, Kovacic Mot. Dism.; Dkt. 25, Mercer Mot. Dism.) They argue that it would be premature to entertain a declaratory action regarding Praetorian's duty to indemnify Cheers before a judgment has been rendered in the underlying action. (Kovacic Mot. Dism. ¶¶ 6-18; Mercer Mot. Dism. ¶¶ 6-14.) Praetorian argues that the duty-to-indemnify issue is ripe because "there are no facts that can be proven in the underlying litigation that will transform excluded

assault/battery and false imprisonment claims into covered events."  (Dkt. 28, Praetorian's Resp. to Mercer Mot. Dism. ¶ 6.).

## II. DISCUSSION

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the right and other legal relations of any interested party seeking such declaration."  When considering a declaratory judgment action, the Court must undertake a three-step inquiry.  <u>Orix Credit Alliance, Inc. v. Wolfe</u>, 212 F.3d 891, 895 (5th Cir. 2000)  First, the Court must determine whether the declaratory action is justiciable.  <u>Id.</u>  The Fifth Circuit has explained that a court should dismiss a declaratory action for lack of ripeness "'when the case is abstract or hypothetical.'"  <u>Id.</u> (quoting <u>New Orleans Public Service, Inc. v. Council of New Orleans</u>, 833 F.2d 583, 586-87 (5th Cir. 1987)).  The key considerations are "'the fitness of the issues for judicial decision and the hardship of the parties of withholding court consideration.'"  <u>Id.</u>  "'A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required.'"  <u>Id.</u>  Second, "if it has jurisdiction, then the district court must resolve whether it

has the 'authority' to grant declaratory relief in the case presented." Id. Third, the Court determines how to exercise its broad discretion to decide or dismiss the declaratory action. Id.

Under Texas law, the duty to indemnify is a distinct and separate duty from the duty to defend. King v. Dallas Fire Ins. Co., 85 S.W.3d 185, 187 (Tex. 2002). The duty to defend is triggered by the factual allegations in the underlying suit, but the duty to indemnify is triggered by "the actual facts establishing liability in the underlying suit." Trinity Universal Ins. Co. v. Cowan, 945 S.W.2d 819, 821-22 (Tex. 1997). Accordingly, the Fifth Circuit has held that "in general an insurer's duty to indemnify cannot be determined until after the underlying suit has been resolved." Columbia Cas. Co. v. Georgia & Florida Railnet, 542 F.3d 106, 111 (5th Cir. 2008).

Neither Cheers nor the Kovacics have made any showing how the Policy could possibly cover liability arising from the Kovacics' surviving claims against Cheers. Language in the Policy's exclusions seems to plainly preclude coverage for any liability for exemplary damages, loss-of-consortium damages, intentional torts, or negligent hiring claims arising from intentional torts. (See Dkt. 27 at 12, 16, 36 (exemplary damages exclusions), and 33, 34, 47 ("Assault and Battery" exclusions)).

It would nonetheless be premature for the Court to issue a judgment on the Policy's meaning. The Kovacics have not, as yet, proven any facts establishing liability against Cheers. It is entirely possible that there will not ever be a judgment in the underlying case, and thus nothing for Praetorian to indemnify. Praetorian does not seek a judgment that it has no duty to defend Cheers. Moreover, Cheers has raised the possibility that the Kovacics might amend their pleadings in the underlying action.

## III. CONCLUSION

The Kovacics' and Cheers's motions to dismiss or stay this case (Dkt. Nos. 24, 25) are GRANTED. The case is STAYED pending further developments in the underlying litigation.

DONE at Laredo, TX, this 16th day of March, 2010.

_____
George P. Kazen
Senior United States District Judge